HEROLD *v.* METROPOLITAN EL. RY. CO.

*(Superior Court of New York City, General Term.* March 9, 1891.)

1. RAILROADS IN STREET—INJURIES TO ABUTTING OWNERS—BENEFITS.

In an action against an elevated railroad company to enjoin the maintenance of its structure in the street in front of plaintiff's premises, and for damages, it is not error to refuse to find that, in estimating plaintiff's damages to the rental and fee from the interference with his easements, benefits peculiar to said premises, which have arisen by the construction of the said road, should be taken into consideration, in the absence of a finding or request to find, on proper evidence, that there were peculiar benefits.

2. SAME—EVIDENCE.

The existence of peculiar benefits is to be proved, and the fact that there was no diminution in the rental value of the premises, but a steady increase, does not show that the lessening of air and light, and of convenience of access, had not a hurtful effect upon the rental value.

Appeal from special term.

The action was brought by George Herold to restrain the maintenance by the Metropolitan Elevated Railway Company of its elevated railroad and station in front of plaintiff's premises, No. 2161 Second avenue, in the city of New York, and to recover damages for past maintenance and operation. Judgment for plaintiff, and defendant appeals.

Argued before SEDGWICK, C. J., and DUGRO, J.

*Davies & Rapallo,* for appellants.   *Charles Gibson Bennett,* for respondent.

PER CURIAM. It is urged as a ground of reversal by appellant that the court refused to find as a conclusion of law "that, in estimating the damages to the rental and fee value of the plaintiff's premises, caused by the interference of the defendant's railroad station and structure, and the operation of the trains, with the easements of air, light, and access appurtenant to the premises, benefits peculiar to said premises, which have arisen by the construction of the said road, and the maintenance of the said passenger station at 111th street and Second avenue, as shown by the evidence, should be taken into consideration." This was but an abstract proposition, and equivalent to asking that the court should find the law to be as stated in *Newman* v. *Railroad Co.*, 118 N. Y. 628, 23 N. E. Rep. 901, and other like cases; and, further than this, the request would be inapplicable to the case, unless the court had found, or should have found, in answer to a request, that there were peculiar benefits. There were requests on this subject made by defendants. Some of them merely referred to what might be evidence on the subject of benefits, and not the existence of the benefits, as inferred from the whole of the evidence. One such request was, "The effect of the stations of the elevated road is to increase the trade of shops in the immediate vicinity." The other requests which the court refused to find were like these: "(24) The proximity of the station," etc., "is a peculiar benefit to the rental value of the store," etc. "(25) The proximity of the station," etc., "is a peculiar benefit and enhancement of the value of plaintiff's premises." The existence of the peculiar benefit is not to be presumed as matter of law. It is to be proved as a matter of fact. A peculiar benefit is to be discriminated from a general benefit, arising from general causes that may enhance the value of the particular premises in common with property in general. It is to be shown by witnesses credible to the tribunal, and whose testimony is in itself reasonable and in consonance with probability; and, too, the amount of the value of the supposed benefit should be shown with reasonable certainty and definiteness to require the court to find that there was benefit, the value of which the defendants were entitled to be allowed. A benefit to a nominal amount only, would not help the defendants in an assessment of the damages. The court was not in error in refusing to find as asked in these requests. The testimony did not call incontrovertibly for a different action, nor did the preponderance of testimony. The appellant supposes that the testimony showed that, after the railroad was established in front of the premises, there was no diminution of the rental value, and, on the contrary, a steady increase of it. From this it does not follow that lessening of air and light, and of conveniences of access, had not a hurtful effect upon the rental value. The rents received might have been greater, if the air were freer and purer, the light brighter, and the access unincumbered. Such a case may make it difficult for the plaintiff to prove damages, but not impossible. The finding of the court should be sustained. Judgment affirmed, with costs.